UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIE CEDRE, on behalf of
herself and all others similarly situated,

Plaintiff,

v.                                                    Case No.: 6:17-cv-00511-RBD-KRS

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC, JAMES E. ALBERTELLI, P.A.
d/b/a ALAW, CARLSBAD FUNDING
MORTGAGE TRUST, and WILMINGTON SAVINGS
FUND, FSB d/b/a CHRISTIANA TRUST.

Defendants.
_____/

PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO HAVE MATTERS
CONTAINED IN REQUESTS FOR ADMISSIONS DEEMED ADMITTED AS TO
DEFENDANT JAMES E. ALBERTELLI, P.A., AND REQUEST FOR ATTORNEY'S
FEES AND COSTS

Pursuant to Federal Rules of Civil Procedure 36 and 37, and Local Rule 3.04(A), Plaintiff, Marie Cedre, respectfully asks this Court to enter an order compelling Defendant James E. Albertelli, P.A. ("Defendant"), to respond to Plaintiff's Interrogatories and Requests for Production, and awarding Plaintiff attorney's fees and costs for bringing this motion. Although these requests were served more than 60 days ago, and Defendant was given a 30 day extension to respond, as of this date, no responses or objections whatsoever have been served. Under Rules 33(b)(4) and 34(b)(2) of the Federal Rules of Civil Procedure, Defendant has waived all objections to Plaintiff's Interrogatories and Requests for Production. In addition, Defendant has failed to respond or object to Plaintiff's requests for admissions also served more than 60 days ago. Under Rule 36(a)(3) of the Federal Rules of Civil Procedure the matters in Plaintiff's Requests for Admissions should be deemed admitted. In support of her request, Ms. Cedre states the following:

## BACKGROUND

1. Plaintiff filed her Complaint (ECF No. 1) on December 16, 2016, against Defendant alleging violations of state and federal consumer protection statutes.

2. On April 17, 2017, Defendant filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 30).

3. On May 1, 2017, Plaintiff filed an Amended Complaint (ECF No. 31).

4. On May 30, 2017, Defendant filed an Answer to the Amended Complaint (ECF No. 42).

5. On May 22, 2017, the parties filed their Case Management Report (ECF No. 41).

6. On August 24, 2017, Plaintiff served Interrogatories, Requests for Production of Documents, and Requests to Admit, on Defendant. Plaintiff's Discovery Requests are reproduced at the end of this motion as an Addendum.

7. Defendant's responses were due by September 25, 2017. No responses were served on that date.

8. The parties had scheduled a mediation to take place shortly after the discovery was due, on October 6, 2017. But because no discovery was produced, the mediation had to be rescheduled. Without discovery responses, the parties could not engage meaningfully in settlement discussions.

9. The meditation was rescheduled to November 18, 2017 to allow Albertelli additional time to respond. The parties agreed to extend the discovery response date to October 25, 2017.

10. Yet again, on October 25, 2017 no responses were served. No extension was requested.  No explanation as provided.

11. Plaintiff's counsel, on October 26, 2017, emailed Defendant's counsel to request responses to the discovery be made by Defendant, but no responses were produced.

12. Plaintiff's deadline to file her motion for class certification is December 22, 2107. The requested discovery is necessary to prepare that motion.

13. To date, Defendant has failed to provide any discovery responses to Plaintiff.

<u>MEMORANDUM OF LAW</u>

The purpose of discovery is to require disclosure of relevant information so that the resolution of the civil action is based upon a full and accurate understanding of the facts. *Merrill v. Dyck-O'Neal, Inc.*, 215CV232FTM38MRM, 2016 WL 7045625, at *1 (M.D. Fla. July 22, 2016) (citations omitted). In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

Under the Federal Rules of Civil Procedure, if a party does not receive responses to discovery requests, then he "may move for an order compelling an answer, designation, production, or inspection.… if a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(ii)-(iii). Whether or not to grant the motion to compel is at the discretion of the trial court. *Commercial Union Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). A party who fails to timely respond to discovery waives all of its objections to the interrogatories, requests for production, and requests for admissions. *LM Ins. Corp. v. Hanneford Circus, Inc.*, 2014 WL 12616980, at *1 (M.D. Fla. 2014); Rule 33(b)(4).

In addition, if a party does not timely respond to requests for admissions, they are automatically deemed admitted, under Rule 36(a)(3). *McFadden v. Florida Foreclosure Attorneys, PLLC*, 2014 WL 12625109, at *1 (M.D. Fla. 2014) (Rule 36(a) is self-executing). *See also Collins v. Franklin Keith Turner and Adymen Inc.*, 2015 WL 12830481, at *1 (M.D. Fla. 2015) (requests for admissions are deemed admitted because defendants failed to respond within thirty (30) days).

Here, Plaintiff served interrogatories, document requests, and requests for admissions on Defendant who initially had (30) days to respond. When Defendant did not respond, Plaintiff agreed to a reasonable extension, and also agreed to postpone the scheduled mediation.

Despite this accommodation, Defendant has still not responded to Plaintiff's discovery requests. More than 60 days have elapsed since the discovery was served. Defendant has not sought an extension or offered any explanation for its non-

responsiveness. Defendant has left Plaintiff with no choice but to file the present motion. Plaintiff's discovery requests are relevant to the claims raised in her Complaint and to the requirements for class certification. The discovery seeks information that is only in the possession of the Defendant. Plaintiff will be prejudiced if Defendant is not ordered to provide responses.

If a motion to compel discovery responses is granted "or if the disclosure of the requested discovery is provided after the motion is filed, the Court 'must' require the party whose conduct necessitated the motion, or the attorney advising the conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, which includes attorney's fees." *Muscatello v. Grand Court Lakes Mgmt., LLC*, 13-24170-CIV, 2014 WL 2918601, at *2 (S.D. Fla. June 26, 2014) *citing* Fed. R. Civ. P. 37(a)(5) (A); and Fed. R. Civ. P. 36(a)(6) (noting that Rule 37(a)(5) applies to an award of expenses). Therefore, Plaintiff is entitled to receive attorney's fees and costs in having to file this motion.

## CONCLUSION

Plaintiff respectfully requests this Court to enter an order compelling Defendant to respond to Plaintiff's discovery requests within ten days from entry of the order, deem any objections to those requests waived, deem the matters contained in Plaintiff's requests for admissions admitted, and award Plaintiff her attorney's fees and costs for bringing this motion, and any other relief the Court deems proper.

### Certificate of Good Faith Conferral

The undersigned attorney hereby certifies that he has in good faith attempted to confer with Defendant's counsel to obviate the need for this motion. The undersigned has conferred with opposing counsel on several occasions, but has been unable to resolve the issues herein. To date, Defendant has continued to ignore its responsibilities under the Federal Rules of Civil Procedure, requiring Plaintiff to file the instant motion.

Dated:  November 7, 2017

    Plaintiff,
    By Counsel.

    /s/ *James L. Kauffman*
    James L. Kauffman (Fla. Bar No.012915)
    BAILEY & GLASSER LLP
    1054 31st Street NW, Suite 230
    Washington, DC 20007
    Telephone:  (202) 463-2101
    Facsimile:  (202) 463-2103
    Email: jkauffman@baileyglasser.com

    Darren Newhart, (Fla. Bar No. 0115546)
    J. Dennis Card, Jr., (Fla. Bar No. 0487473)
    CONSUMER LAW ORGANIZATION, P.A.
    721 US Highway 1, Suite 201
    North Palm Beach, Florida 33408
    Telephone: (561) 692-6013
    Facsimile: (305) 574-0132
    E-mail: darren@cloorg.com
    E-mail: DCard@Consumerlaworg.com

    *Counsel for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on November 7, 2017, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                          s/ James L. Kauffman  
                                                          James L. Kauffman