# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIE CEDRE,**

      **Plaintiff,**

v.                                                                          Case No:   6:17-cv-511-Orl-37KRS

**RUSHMORE LOAN MANAGEMENT SERVICES, LLC, JAMES E. ALBERTELLI, CARLSBAD FUNDING MORTGAGE TRUST and WILMINGTON SAVINGS FUND SOCIETY, FSB,**

      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO HAVE MATTERS CONTAINED IN REQUESTS FOR ADMISSIONS DEEMED ADMITTED AS TO DEFENDANT JAMES E. ALBERTELLI, P.A., AND REQUEST FOR ATTORNEYS' FEES AND COSTS (Doc. No. 85)
>
> **FILED:**    November 7, 2017
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Plaintiff served interrogatories and requests for production of documents on Defendant James E. Albertelli, P.A. ("Albertelli") on August 24, 2017.  Counsel for Plaintiff represents that as of the filing of the motion, no responses to the discovery requests had been served.  Accordingly,

Plaintiff seeks an order compelling Albertelli to provide complete, sworn answers to interrogatories, to produce all responsive documents in its possession, custody or control, and to pay the reasonable costs, including attorney's fees, Plaintiff incurred in filing the motion.

Plaintiff also served requests for admissions on August 24, 2017, but Defendant had not responded to those requests by the time the motion was filed. Plaintiff asks that Albertelli be deemed to have admitted each request.

In his response, Albertelli states that it served a complete response to the interrogatories on December 15, 2017 and that it produced some responsive documents. Doc. No. 107, at 1-2. Albertelli states that it responded to the requests for admission on December 15, 2017. *Id.* at 2. It submits that the Court should, therefore, deny the motion or, as to the requests for admissions, allow it to withdraw its admissions. Doc. No. 107. Albertelli did not address the request for an award of reasonable expenses, including attorney's fees.

Based on the representation that Albertelli has served complete responses to the interrogatories, the motion to compel answers to interrogatories is **denied without prejudice**.

Because Albertelli has not produced all documents in its possession, custody and control responsive to the requests for production of documents, the motion to compel production of responsive documents is **granted**. It is **ORDERED** that Albertelli shall produce, on or before January 12, 2018, all documents, including electronically stored information, responsive to Plaintiff's requests for production of documents. All objections to discovery requests have been waived by failing to assert them in timely served responses to the requests. *See Reliance Ins. Co. v. Core Carriers, Inc.*, No. 3:06-cv-585-J-20MCR, 2008 WL 2414041, at *2 (M.D. Fla. June 11, 2008).

When discovery responses are provided after the due date, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the movant did not attempt in good faith to obtain the discovery without court action, the opposing party's nondisclosure was substantially justified or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).  The record reflects that counsel for Plaintiff conferred in a good faith effort to resolve the discovery dispute before the motion was filed.  Doc. No. 85.  In the response, Albertelli does not address why its failure to provide discovery responses timely was substantially justified or show other circumstances that make an award of expenses unjust.  Therefore, it is **ORDERED** that the motion to compel Albertelli to pay counsel the reasonable expenses, including attorney's fees, incurred in filing the above-referenced motion is **granted**.  It is further **ORDERED** that Albertelli shall tender $500.00 to Plaintiff's counsel on or before January 12, 2018, to compensate Plaintiff, in part, for the reasonable expenses incurred in filing the motion.

Finally, Federal Rule of Civil Procedure 36 provides as follows:  "A matter is deemed admitted unless, within 30 days after being served, the party to whom the request [for admissions] is directed served on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  It appears to be undisputed that Albertelli did not respond to the requests for admissions within 30 days.  Therefore, by operation of Rule 36, Albertelli is deemed to have admitted each request for admission.

In the response, counsel for Albertelli asks that the Court relieve Albertelli of the admissions. This request is **denied**.  It is not proper to include a request for affirmative relief in a response to a motion because the Local Rules of this Court do not permit reply memoranda.  Albertelli may

promptly file a motion to relieve it of the deemed admissions after speaking to opposing counsel, in person or by telephone, in a good faith effort to resolve the dispute.

**DONE** and **ORDERED** in Orlando, Florida on December 18, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE