UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIE CEDRE, on behalf of
herself and all others similarly situated,

Plaintiff,

v.   Case No.: 6:17-cv-00511-RBD-KRS

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC, JAMES E. ALBERTELLI, P.A.
d/b/a ALAW, CARLSBAD FUNDING
MORTGAGE TRUST, and WILMINGTON SAVINGS
FUND, FSB d/b/a CHRISTIANA TRUST.

Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO HAVE MATTERS CONTAINED IN REQUESTS FOR ADMISSIONS DEEMED ADMITTED AS TO DEFENDANTS RUSHMORE LOAN MANAGEMENT SERVICES LLC, CARLSBAD FUNDING MORTGAGE TRUST, AND WILMINGTON SAVINGS FUND, AND REQUEST FOR ATTORNEY'S FEES AND COSTS**

Pursuant to Federal Rules of Civil Procedure 36 and 37, and Local Rule 3.04(A), Plaintiff, Marie Cedre, respectfully asks this Court to enter an order compelling Defendants Rushmore Loan Management Services, LLC, Carlsbad Funding Mortgage Trust, and Wilmington Savings Fund, FSB ("Defendants"), to respond to Plaintiff's Interrogatories and Requests for Production, and awarding Plaintiff attorney's fees and costs for bringing this motion. Although Defendants produced some limited documents that are reinstatement quote letters sent to various borrowers, no responses or objections whatsoever have been served despite the discovery requests being served months ago. Prior to filing this motion, the undersigned counsel tried to resolve this motion without Court intervention, allowed the Defendants additional time to provide the discovery responses and documents, but none

have been produced. This information is necessary for a deposition set for the Defendants' corporate representative on May 8, 2018 and may require the deposition being taken again should the information not be produced before the agreed deposition date.

Under Rules 33(b)(4) and 34(b)(2) of the Federal Rules of Civil Procedure, Defendants have waived all objections to Plaintiff's Interrogatories and Requests for Production. In addition, Defendants have failed to respond or object to Plaintiff's requests for admissions also served more than 60 days ago. Under Rule 36(a)(3) of the Federal Rules of Civil Procedure, the matters in Plaintiff's Requests for Admissions should be deemed admitted. In support of her request, Ms. Cedre states the following:

## BACKGROUND

1. Plaintiff filed her Complaint (ECF No. 1) on December 16, 2016, against Defendants alleging violations of state and federal consumer protection statutes.

2. On May 1, 2017, Plaintiff filed an Amended Complaint (ECF No. 31).

3. On May 30, 2017, Defendants filed an Answer to the Amended Complaint (ECF No. 42).

4. On May 22, 2017, the parties filed their Case Management Report (ECF No. 41).

5. On August 24, 2017, Plaintiff served Interrogatories, Requests for Production of Documents, and Requests to Admit on Defendants. Plaintiff's Discovery Requests to each Defendant are reproduced at the end of this motion as Addendums.

6. Defendants' responses were due by September 25, 2017. No responses were served on that date.

7. Plaintiff filed a Motion to Compel (ECF No. 84). In response to the Motion

to Compel, Defendants stated that they were producing additional documents that may narrow the scope of Plaintiff's Motion to Compel. (ECF No. 106).

8. On December 18, 2017, the Court denied Plaintiff's Motion to Compel without prejudice because of the Defendants' representation additional documents and information would be produced. (ECF No. 108).

9. Prior to filing this motion, Plaintiff's counsel conferred with Defendants' counsel to give more time for Defendants to provide responses until Friday, April 13, 2018.

10. To date, Defendants have failed to provide any discovery responses to Plaintiff. This includes responses about for which requests for production Defendants have documents, Answers to Plaintiff's Interrogatories, or Responses to Plaintiff's Requests for Admissions.

## MEMORANDUM OF LAW

The purpose of discovery is to require disclosure of relevant information so that the resolution of the civil action is based upon a full and accurate understanding of the facts. *Merrill v. Dyck-O'Neal, Inc.*, 215CV232FTM38MRM, 2016 WL 7045625, at *1 (M.D. Fla. July 22, 2016) (citations omitted). In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

Under the Federal Rules of Civil Procedure, if a party does not receive responses to discovery requests, then he "may move for an order compelling an answer, designation, production, or inspection.… if a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P.

37(a)(3)(B)(ii)-(iii). Whether or not to grant the motion to compel is at the discretion of the trial court. *Commercial Union Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). A party who fails to timely respond to discovery waives all of its objections to the interrogatories, requests for production, and requests for admissions. *LM Ins. Corp. v. Hanneford Circus, Inc.*, 2014 WL 12616980, at *1 (M.D. Fla. 2014); Rule 33(b)(4).

In addition, if a party does not timely respond to requests for admissions, they are automatically deemed admitted, under Rule 36(a)(3). *McFadden v. Florida Foreclosure Attorneys, PLLC*, 2014 WL 12625109, at *1 (M.D. Fla. 2014) (Rule 36(a) is self-executing). *See also Collins v. Franklin Keith Turner and Adymen Inc.*, 2015 WL 12830481, at *1 (M.D. Fla. 2015) (requests for admissions are deemed admitted because defendants failed to respond within thirty (30) days).

Here, Plaintiff served interrogatories, document requests, and requests for admissions on Defendants who initially had (30) days to respond. When Defendants did not respond, Plaintiff agreed to a reasonable extension, and agreed to give a second extension of time.

Despite this accommodation, Defendants have still not responded to Plaintiff's discovery requests. More than 200 days have elapsed since the discovery was served. Defendants have not sought an extension or offered any explanation for its non-responsiveness. Plaintiff even gave Defendants additional time until last Friday to produce the responses, but none were served. Therefore, Defendants have left Plaintiff with no choice but to file the present motion. Plaintiff's discovery requests are relevant to the claims raised in her Complaint and to the requirements for class certification. The discovery seeks information that is only in the possession of the Defendants. Plaintiff will be prejudiced if

4

Defendants are not ordered to provide responses.

If a motion to compel discovery responses is granted "or if the disclosure of the requested discovery is provided after the motion is filed, the Court 'must' require the party whose conduct necessitated the motion, or the attorney advising the conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, which includes attorney's fees." *Muscatello v. Grand Court Lakes Mgmt., LLC*, 13-24170-CIV, 2014 WL 2918601, at *2 (S.D. Fla. June 26, 2014) *citing* Fed. R. Civ. P. 37(a)(5) (A); and Fed. R. Civ. P. 36(a)(6) (noting that Rule 37(a)(5) applies to an award of expenses). Therefore, Plaintiff is entitled to receive attorney's fees and costs in having to file this motion. Attached to this Motion is Plaintiff's Interrogatories, Requests for Production, and Plaintiff's Requests for Admission all directed to Defendants Rushmore Loan Management Services, LLC (Exhibit A), Carlsbad Funding Mortgage Trust (Exhibit B), and Wilmington Savings Fund, FSB (Exhibit C).

## CONCLUSION

Plaintiff respectfully requests this Court to enter an order compelling Defendants to respond to Plaintiff's discovery requests, deem any objections to those requests waived, deem the matters contained in Plaintiff's requests for admissions admitted, and award Plaintiff her attorney's fees and costs for bringing this motion, and any other relief the Court deems proper.

### Certificate of Good Faith Conferral

The undersigned attorney hereby certifies that he has in good faith attempted to confer with Defendants' counsel to obviate the need for this motion. The undersigned has conferred with opposing counsel on several occasions, but has been unable to resolve the

issues herein. To date, Defendants have continued to ignore their responsibilities under the Federal Rules of Civil Procedure, requiring Plaintiff to file the instant motion.

Dated:  April 19, 2017

        Plaintiff,
        By Counsel.

/s/ *James L. Kauffman*
James L. Kauffman (Fla. Bar No.012915)
BAILEY & GLASSER LLP
1054 31st Street NW, Suite 230
Washington, DC 20007
Telephone:  (202) 463-2101
Facsimile:  (202) 463-2103
Email: jkauffman@baileyglasser.com

Darren Newhart, (Fla. Bar No. 0115546)
J. Dennis Card, Jr., (Fla. Bar No. 0487473)
CONSUMER LAW ORGANIZATION, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Telephone: (561) 692-6013
Facsimile: (305) 574-0132
E-mail: darren@cloorg.com
E-mail: DCard@Consumerlaworg.com

*Counsel for Plaintiff and the Putative Class*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 19, 2018, the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                                                    s/ James L. Kauffman
                                                    James L. Kauffman

## SERVICE LIST

All counsel of record.